S94Y1668, S94Y1669. IN THE MATTER OF SHERRY B. ARMSTRONG.
(452 SE2d 113)

PER CURIAM.

Two clients filed grievances with the State Bar of Georgia against Sherry B. Armstrong. The clients alleged that Armstrong was retained to draft trust agreements and to invest monies in the trusts on

behalf of the clients. The clients tendered large sums of money to Armstrong to invest in the trusts. In both cases, Armstrong either failed to invest the monies as promised or invested the monies in corporations in which she had a financial interest. The clients were unable to obtain an accounting for the trust monies and to recover the funds upon attempts to liquidate the trusts.

After an investigation, the Investigative Panel of the State Disciplinary Board directed the Office of General Counsel of the State Bar to file Notices of Discipline imposing disbarment against Armstrong. The Notices of Discipline summarily found that Armstrong violated Standards 3 (engaging in illegal professional conduct involving moral turpitude), 4 (engaging in professional conduct involving dishonesty, fraud, etc.), 30, 33, 35, 36 and 37 (failing to decline employment or entering into a business transaction with a client where the attorney's professional judgment will be affected by her own financial interests or the representation of another client), 45 (knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule), 61 (failing to deliver funds to a client), 62 (failing to identify or label client funds and put such funds in a place of safekeeping), 63 (failing to render appropriate accounts to client regarding funds), and 65 (failing to account for trust property held in a fiduciary capacity) of Bar Rule 4-102 (d). Armstrong, after being served with the Notices, has failed to file Notices of Rejection.

After considering the record in this case, we hereby order that Sherry B. Armstrong is disbarred from the practice of law in Georgia. She is reminded of her duties under Bar Rule 4-219 (c) to timely notify all clients of her inability to represent them, to take all actions necessary to protect the interests of her clients, and to certify to this Court that she has satisfied the requirements of such rule.

*Disbarred. All the Justices concur.*

DECIDED JANUARY 23, 1995.

*William P. Smith III, General Counsel State Bar, Ellen E. Brown, Assistant General Counsel State Bar,* for State Bar of Georgia.